UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE DANIEL CASTILLO-ANTONIO,<br><br>Plaintiff,<br><br>v.<br><br>NATALIE ESPERANZA, et al.,<br><br>Defendants. | Case No. 13-cv-05256-JCS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR LEAVE TO FILE FIRST SUPPLEMENTAL COMPLAINT TO ADD FACTS AND CAUSES OF ACTION AND VACATING JANUARY 30, 2015 MOTION HEARING**<br><br>Re: Dkt. No. 20 |

## I. INTRODUCTION

Plaintiff Jose Castillo-Antonio asserts claims under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq.* ("ADA"), and California law based on the alleged failure of Defendants to provide barrier-free access to their restaurant, La Quinta Restaurant, located at 2425 Mission Street, San Francisco, CA. Presently before the Court is a Motion for Leave to File First Supplemental Complaint to Add Facts and Causes of Action ("Motion"). In the Motion, Plaintiff seeks to add claims under 42 U.S.C. § 12203(b) and California Civil Code Section 52.1, as well as supporting factual allegations, based on events that allegedly occurred on September 2, 2014, following a mediation in this action.

According to Mr. Castillo-Antonio, following the mediation, Shane O'Connor (Defendant O'Connor Family Trust's representative) and Defendant Natalie Esperanza approached him in Civic Center Park, where he was resting near a playground, sitting in his wheelchair with his five-year-old daughter in his lap and his uncle nearby. Mr. O'Connor allegedly "yelled at him that he was an 'idiot' for not accepting Shane O'Connor's settlement offer at the mediation, and that his

lawyer, Richard A. MacBride, was also an 'idiot' for fighting the case." Ms. Esperanza was present and allegedly did not intervene in any way. Motion at 3. Mr. MacBride apparently was not present. Plaintiff contends this conduct was an attempt to intimidate and coerce him into abandoning his rights under the ADA and California Civil Code § 52.1 and constitutes a violation of both federal and state law.

Defendants do not dispute that the events described by Mr. Castillo-Antonio occurred but contend the Court should deny leave to amend because he fails to state a claim as to the new claims. Defendants further assert that amendment is futile because the original ADA claim is now moot. In particular, according to Defendants, all accessibility issues have been remediated and Plaintiff's expert has admitted as much. Defendants argue that the Court should not permit Plaintiff to amend to add new claims but rather, should dismiss the ADA claim and decline to exercise supplemental jurisdiction over the remaining state law claims.

The Court finds that the Motion is suitable for determination without oral argument pursuant to Civil Local Rule 7-1(b) and therefore vacates the hearing set for **January 30, 2015 at 2:00 pm**. For the reasons stated below, the Motion is GRANTED in part and DENIED in part.[1]

## II. ANALYSIS

### A. Legal Standard

When a party seeks to amend a pleading more than 21 days after serving it, or more than 21 days after service of a responsive pleading or motion, the party must obtain either the opposing party's consent or leave of the court. Fed. R. Civ. P. 15(a). The Federal Rules of Civil Procedure provide that "courts should freely give leave when justice so requires." *Id*. "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" *Sonoma Cnty. Ass'n of Retired Employees v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L.

---

[1] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

Ed. 2d 222 (1962)) (alteration in original; emphasis added).

**B.     Discussion**

Defendants contend the Motion should be denied on the grounds of futility because the only federal claim in the action (as currently pled) is already moot and because the new claim Plaintiff seeks to assert under the ADA, under 42 U.S.C. § 12203(b), fails to state a claim.  The first theory fails because Defendants have not properly sought dismissal of Plaintiff's original ADA claim (for instance, by way of a summary judgment motion) and there has been no legal determination that the claim is, in fact, moot.  The only remaining question is whether amendment is futile because Plaintiff's new claims fail to state a claim.  The Court concludes that Plaintiff's new claims are sufficiently alleged as to Defendant O'Connor Family Trust and therefore, that amendment is not futile as to that Defendant.

Section 12203(b) provides, in relevant part, as follows:

> (b) Interference, coercion, or intimidation
>
> It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter.

42 U.S.C. § 12203(b).  This section prohibits "harassment against those who are simply exercising their ADA rights."  *Wilson v. Murillo*, 163 Cal.App.4th 1124, 1138 (2008).    Similarly, Cal. Civ. Code Section 52.1 prohibits interference with an individual's rights under state law by "threat, intimidation, or coercion."   The allegation that a party engaged in verbally abusive conduct in an attempt to intimidate the plaintiff  into dropping or settling his claims under the ADA and California law is sufficient, at the pleading stage, to state a claim under these sections.   Thus, as to Defendant O'Connor Family Trust, Plaintiff's allegations are sufficient to the extent that the alleged threats and/or intimidation were made by that Defendant's representative.  On the other hand, to the extent Plaintiff seeks to assert these claims against Natalie Esperanza,  the Court finds that the amendment is futile.  Plaintiff's only factual allegation in support of that claim is that Ms. Ezperanza "passive[ly] accept[ed]. . . such behavior while watching it and saying nothing,"

Proposed Amended Complaint, ¶ 19. Plaintiff cites no authority that supports the proposition that such conduct is actionable under 42 U.S.C. § 12203(b) or under California state law.

### III. CONCLUSION

For the reasons stated above, the Motion is GRANTED in part and DENIED in part. Plaintiff may file the proposed amended complaint with the proviso that Plaintiff may proceed on the new claims asserted therein, based on the events of September 2, 2014, only as to Defendant O'Connor Family Trust.

**IT IS SO ORDERED.**

Dated: January 22, 2015

JOSEPH C. SPERO
United States Magistrate Judge